[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4150
In this foreclosure action plaintiff moves for a deficiency judgment after strict foreclosure. Defendant Samuel G. Stevens and Carolyn J. Miller-Stevens (hereinafter Stevens) assert that plaintiff is not entitled to full interest on the mortgage note because plaintiff breached the implied covenant of good faith and fair dealing by its unreasonable delay in commencing the foreclosure action.
There is merit in defendants' claim. In February, 1991 they offered to give plaintiff, or its predecessor in title, a deed in lieu of foreclosure. Because of indecision and inefficiency of Federal Deposit Insurance Corp., plaintiff did not start this action until October 1991. During that entire period defendants paid the interest on the note and acted with extraordinary fidelity to their obligation.
Although this court entered judgment on January 21, 1992 and found the debt to be $379,828.16, the parties stipulated, and this court agreed, that defendants could assert their defense as an offset to the debt at the time of the hearing on the deficiency judgment. After hearing, this court concludes plaintiff did unreasonably delay in proceeding to judgment on this case and accordingly determines that plaintiff should not recover interest on the debt for 120 days. Citicorp Mortgage, Inc. v. Upton, 7 Conn. L. Rptr. No. 10, 273, 274 (Sept. 28, 1992).) Accordingly, at the per diem rate of $94, the judgment should be reduced by $11,280.
Moreover, while Conn. Gen. Stat. 37-3a provides that interest at the rate of ten percent a year "may" be recovered and allowed in a civil action, the awarding of interest as an element of damages is within the discretion of the court. Neiditz v. Morton S. Fine Associates, Inc.,2 Conn. App. 322, 329 (1984). This court, on the equitable grounds of plaintiff unreasonably delaying presenting its claim, declines to allow the plaintiff recover statutory interest.
At issue in the deficiency hearing was the value of the mortgaged property at 153 Curtis Street, New Britain at the time title vested in the plaintiff on January 27, 1992. CT Page 4151 The appraiser for plaintiff testified the value was $225,000; the appraiser for defendants Stevens testified it was $300,000; the plaintiff himself testified it was $350,000. The court concludes the value was $300,000.
Based on the foregoing, the court calculates the deficiency judgment as follows:
Judgment debt $379,828.16
 Reduction of accrued interest for reason stated above — 11,280.00 ------------- Corrected Judgment debt $368,548.16
 Plus Costs, including appraisal and attorney's fees, awarded at judgment, and bill of costs $ 3,226.60
 Additional attorney's fees 1,000.00
 Additional Appraisal fee 450.00 ----------- Total Debt $373,224.76
 Fair market value of subject property — 300,000.00 ------------ Deficiency Judgment $ 73,224.76
Accordingly, plaintiff is awarded a deficiency judgment of $73,224.76.
Robert Satter State Trial Referee CT Page 4152